UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-081 |
| DENNIS NGUYEN | SECTION: B |

## ORDER AND REASONS

Before the Court is Petitioner's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.[1]  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Petitioner's Motion is **DENIED**.

### *BACKGROUND*

On September 28, 2004, Dennis Nguyen pled guilty to seven (7) counts of the criminal indictment.[2]  Count 1 charged that, beginning at a time unknown to the grand jury but prior to January, 2003 and continuing until the filing of the indictment, Dennis Nguyen did knowingly and intentionally conspire to possess with the intent to distribute a quantity of a substance containing 3,4 (MDMA/HC1) Methamphetamine, 3,4 MDA, and Marijuana, all schedule 2 narcotic controlled substances in violation of 21 U.S.C. §§ 841, 846.  Counts 12, 14, and 15 charged a violation of 21 U.S.C. § 843(b); use of a communication facility for drug trafficking offenses.  Counts 23, 25, and 27

---

[1] Rec. Doc. No. 488 (Motion to Vacate)

[2] Rec. Doc. No. 240 (Factual Basis)

1

charged that on May 13, 2003, October 2, 2003, and October 20, 2003, that the defendant possessed with the intent to distribute (MDMA).[3]

On February 13, 2006 Nguyen filed a habeas corpus petition under 28 U.S.C. § 2255 alleging an unconstitutional application of the sentencing guidelines under *Booker/Fanfan* and ineffective assistance of counsel based on counsel's failure to object to the sentencing and refusal to appeal.[4]

### *DISCUSSION*

**A. Petitioner's *Booker* claim**

The Supreme Court in *Booker* affirmed its holding in *Apprendi v. New Jersey* that, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 227, 244 (2000). Nguyen maintains that in his case the Court violated this principle when it sentenced him according to the base offense level of thirty-two. Since the defendant's own calculation of the appropriate base level was only twelve, he views the court's imposition of a sentence consistent with the base level of thirty-two to be a "sentence exceeding the maximum authorized"

---

[3] Rec. Doc. No. 165 (Superseding Indictment)

[4] Rec. Doc. No. 488 (Motion to Vacate)

by his guilty plea and therefore inconsistent with the holding in Booker.

However, as the government indicates in its opposition[5], Nguyen stipulated to the quantity of drugs that he pled guilty to, 75,000 tablets. Under the provisions of the sentencing guidelines, this amount is equal to 9,375 kg of marijuana, which corresponds to a base offense level of thirty-four. Not only did the government not seek any sentence enhancements, it requested and the Court approved two downward departures based on characteristics of the crime and the defendant's acceptance of responsibility, resulting in a decrease of five base levels, to a level of twenty-nine.[6] Since Nguyen stipulated to the amount of drugs that he accepted responsibility for, and the trial judge did not sentence him above the statutory maximum for his offense, *Booker* is inapplicable under these facts.

**B. Petitioner's Ineffective Assistance of Counsel Claim**

The legal standard for ineffective assistance of counsel claims as it is laid out in *Strickland v. Washington* is highly deferential to counsel and therefore difficult for a convicted defendant to overcome. 466 U.S. 668, 671 (1984). The *Strickland* Court instructs that due to "the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

---

[5] Rec. Doc. No. 494 (Response/Memorandum in Opposition)

[6] See Presentence Investigation Report at 32.

3

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  In *Strickland,* the Court laid out the burden to be met by a convicted defendant in a claim of ineffective assistance of counsel:

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as at the time of counsel's conduct.  A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 690.

Here, Petitioner asserts that the failure of the government to specify the quantity of drugs in the conspiracy count of the indictment rendered defense counsel ineffective.  He continues, "Accordingly without counsel knowing the quantity of the controlled substance and, or the subsection petitioner was subject to being sentenced under, counsel **could not** and **did not** offer his **informed** opinion as to what plea should be entered."[7] He further alleges ineffective assistance of counsel at the appeal phase, "for not raising several issue [sic] on appeal for this defendant."[8]  In his Motion to Vacate, petitioner states, "I asked my attorney to appeal the sentencing memorandum, but he

---

[7] Rec. Doc. No. 488 (Motion to Vacate) at 10. (Emphasis in original)

[8] Rec. Doc. No. 501 (Defendant's Response/Reply) at 6.

failed to initiate an appeal on my behalf."⁹  Later in his motion, Nguyen repeats, "All of the grounds mentioned in this motion were presented to my attorney at the plea stage and he refused to file an appeal on my behalf."¹⁰  Throughout his motions, petitioner fails to state with particularity which acts or omissions of defense counsel rendered his assistance ineffective.

Petitioner's *pro se* motion should be construed liberally and given fair and meaningful consideration, however inartfully pleaded. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Talley v. Lane*, 13 F.3d 1031 (7th Cir. 1994). Although *pro se* motions should be construed liberally, where the petitioner has failed to adequately brief arguments and the underlying basis for those arguments is without merit, the motion should fail.  *Alexander v. Allen*, WL2474603 (5th Cir. 2006).

Although Petitioner fails to allege with specificity the acts or omissions of defense counsel that amounted to ineffective assistance of counsel, it seems as though his allegations are based on defense counsel's failure to file an appeal based on *Booker* violations in this case.  Under *Strickland* this Court must determine whether defense counsel's decisions to recommend a guilty plea to his client and not to

---

⁹ Rec. Doc. No. 488 (Motion to Vacate) at 3.

¹⁰ Id. at 5.

file an appeal under *Booker* on his client's behalf fall outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

First, based on the factual record it appears that, at the time of pleading, neither the defendant nor defense counsel were ignorant of the quantity of drugs the defendant was to accept responsibility for.  Since the defendant himself signed the factual basis stating that he was in possession of 75,000 pills or tablets, it seems unlikely that neither he nor his attorney were aware of the terms of the plea agreement which would form the basis for Nguyen's sentencing calculation under the federal guidelines.

Second, as discussed *supra*, it seems clear that there was no reasonable argument to be made with regard to a *Booker* violation in this case.  Since the Petitioner admitted to having the quantity of drugs that he was sentenced for, there was no question of fact determined by the Court, nor was there any sentence enhancement.  Courts have held that even where defense counsel's acts or omissions were detrimental to the defendant, the standard for ineffective assistance of counsel will not be met where counsel's decisions could have been part of a sound defense strategy.  *Strickland*, 466 U.S. at 689, *Bell v. Cone*, 535 U.S. 685, 689 (2002).

Given the high level of judicial deference applied to the

decisions of defense counsel in ineffective assistance of counsel claims, in this case, defense counsel's failure to file a <u>Booker</u> appeal is surely within the wide range of reasonable professional conduct.  Therefore, both of Petitioner's bases for alleging ineffective assistance of counsel are insufficient to overcome the strong presumption in favor of defense counsel.  Accordingly,

    **IT IS ORDERED** that Petitioner's Motion to Vacate is **DENIED**.

    New Orleans, Louisiana, this 11th day of October, 2006.

                                        UNITED STATES DISTRICT JUDGE